[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is a tax appeal from the decision of the Commissioner of Revenue Services ("Commissioner") wherein the plaintiffs claim that the Commissioner should not have levied an additional tax, penalty and interest resulting from a claimed underpayment of the income taxes due on the plaintiffs' return for the tax year of 1992.
On January 21, 1998, the Commissioner notified the plaintiffs that, as a result of an audit conducted by the Commissioner, an additional tax of $821.11, plus a penalty and interest, was due to the state based upon unreported income for 1992. Although the plaintiffs do not contest the amount due the Commissioner from the 1992 unreported income, the plaintiffs claim that they are relieved from paying the additional tax because the notice from the Commissioner was not mailed to the plaintiffs within three years from the date of the filing of the tax return as required by General Statutes § 12-733 (a). CT Page 14416
Connecticut General Statutes § 12-727 (b) requires a taxpayer, who has filed a federal income tax return and subsequently files an amended return, to report such a change or correction in the federal income tax return by filing an amended state income tax return with the Commissioner within ninety days after the final determination of such change or correction.
In this case, the plaintiffs did not file an amended state income tax return for the tax year 1992. The Commissioner became aware of the filing of the plaintiffs' federal amended income tax return by virtue of information obtained by the Commissioner from the Internal Revenue Service pursuant to § 6-103 (d) of the Internal Revenue Code.[1]
Section 12-733 (a) provides that the Commissioner must assess a deficiency against a taxpayer within three years after the return has been filed, otherwise "[n]o deficiency may be assessed or collected with respect to the year for which the return is filed." Since the plaintiffs did not file an amended state income tax return following the filing of the amended federal income tax return, the plaintiffs do not come within the protection of this statutory provision. On the contrary, § 12-733
(d) is applicable to the facts in this case. Section 12-733 (d) provides: "If a taxpayer fails to comply with the requirements of section12-727 by not reporting a change or correction increasing his federal taxable income, or in not reporting a change or correction which is treated in the same manner as if it were a deficiency for federal income tax purposes, or in not filing an amended return, a notice of deficiency may be mailed to the taxpayer at any time." It is obvious that where a taxpayer has a statutory obligation to file an amended income tax return and fails to do so, no statute of limitations can come to his or her aid.
Accordingly, we conclude that the three year statute of limitations provided for in § 12-733 (a) has no application to the facts in this case. Judgment may enter dismissing the plaintiffs' appeal, without costs to any party.
 Arnold W. Aronson Judge Trial Referee